O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LATASHA MCCASKILL,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. EDCV 09-2089-MLG<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Latasha McCaskill seeks judicial review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons discussed below, the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

//

//

//

**I. Factual and Procedural History**

Plaintiff was born on December 20, 1968 and was 40 years old at the time of the administrative hearing. (Administrative Record ("AR") 22, 24.) She has a high school education with no other specialized trade or vocational training. (AR 14, 90.) Plaintiff has work experience as a home health aide. (AR 22, 178.)

Plaintiff filed an application for DIB and SSI benefits on June 11, 2007, alleging that she had been disabled since May 2, 2006, due to back and disc disorders, lumbar scoliosis, left side body problems, depression, eczema and affective mood disorder. (AR 94, 96.) Plaintiff's application was denied initially on June 29, 2007, (AR 98-102) and upon reconsideration on September 21, 2007. (AR 104-109.) An administrative hearing was held on February 23, 2009 before Administrative Law Judge ("ALJ") Michael D. Radensky (AR 56-93) and continued to June 15, 2009. Plaintiff, unrepresented by counsel, testified, as did her sister and a Vocational Expert ("VE"), Troy Scott. (AR 32-55.)

On July 23, 2009, ALJ Radensky denied Plaintiff's application for benefits. (AR 14-23.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the time period at issue. (AR 16.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: eczema, musculoskeletal back disorder, depression with history of alcohol abuse. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 17.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform "less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b): she can lift and/or carry 20 pounds

occasionally and 10 pounds frequently; she can stand and/or walk up to six hours in an 8-hour workday, she can sit for six hours in an 8-hour workday; she is limited to non-public work and simple repetitive tasks." (AR 18.) The ALJ found that Plaintiff was unable to perform her past relevant work as a home health aide. (AR 22.) However, the ALJ found, based on the VE's testimony, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as hand packer, packing machine operator, and housecleaner. (AR 21-22.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 22.)

On September 18, 2009, the Appeals Council denied review (AR 4-6), and Plaintiff timely commenced this action for judicial review. On May 28, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff could perform the jobs of hand packer, packing machine operator and housecleaner; (2) failing to properly consider the lay testimony of Plaintiff's sister; and (3) failing to properly consider Plaintiff's testimony and failing to make proper credibility findings. (Joint Stp. 3.) Plaintiff requests that this Court reverse and remand for an award of benefits, or in the alternative, reverse and remand for a new administrative hearing. (Joint Stp. 20.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 21.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in finding that Plaintiff was able to perform the jobs of hand packer, packing machine operator and housecleaner to be meritorious and remands this matter for further proceedings consistent with this

opinion.[1]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

//

---

[1] The Court will only address the ALJ's finding that Plaintiff was capable of performing certain jobs in the national economy in detail. However, as noted above, Plaintiff also contends that the ALJ made various other errors. Because the ALJ erred in finding that Plaintiff could perform certain jobs in the national economy, the Court does not reach the remaining issues or decide whether these issues would independently warrant relief.

4

## III. Discussion

Plaintiff contends that the ALJ erred in finding that she was capable of performing the jobs of hand packer, packing machine operator and housecleaner as they exist in the national economy because those jobs are all classified as medium exertional work by the Dictionary of Occupational Titles ("DOT"), and the ALJ found that Plaintiff was only capable of performing light exertional work. (Joint Stip. 3.) The Court agrees.

The ALJ based his conclusion that Plaintiff could perform a significant number of jobs in the economy, including work as a hand packer, packing machine operator and housecleaner, on the testimony of the VE. (AR 22-23.) At the administrative hearing, the VE was asked to consider a person who is "limited to a full range of light work as defined in the regulations, nonpublic, and simple, repetitive tasks." (AR 46, 48.) The VE responded that such a person would be capable of performing the jobs of hand packer (DOT 920.587-018), packing machine operator (DOT 920.685-078), and housecleaner (381.687.018). (AR 48.) The VE testified that each of these jobs is classified by the DOT as light exertional work. (Id.) However, these three jobs are actually classified by the DOT as medium exertional. The VE did not provide any explanation for this deviation from the DOT. Thus, the VE's testimony was clearly in conflict with the DOT.

Although evidence provided by a VE is generally expected to be consistent with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." Social Security Ruling ("SSR") 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Rather, the DOT raises a rebuttable presumption as to a job classification, and "[a]n ALJ may rely on expert testimony which

contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi*, 486 F.3d at 1153 (when a conflict between a VE's testimony and the DOT arises, the ALJ must make an inquiry with the VE and then determine whether the VE's "explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]").

The Commissioner concedes that the ALJ, in making his step five decision, relied on erroneoous testimony from the VE. (Joint Stp. 6.) The Commissioner argues that any error was harmless, however, because the VE also testified that Plaintiff had the ability to perform the job of office courier (DOT 230.663-010), a light exertional job which the VE characterized as not requiring contact with the general public. (Joint Stp. 7.) However, the ALJ never mentioned the job of office courier in making his step five decision, rather only the jobs of hand packer, packing machine operator and housecleaner. (AR 22-23.) Contrary to the Commissioner's contention, it is not clear from the record that the ALJ included the job of office courier in determining that Plaintiff was not disabled at step five of the sequential analysis. Therefore, the step five finding that Plaintiff is capable of performing other substantial gainful activity is not supported by substantial evidence.

In addition, it is not clear from the VE's testimony whether the job of officer courier (DOT 230.663-010) requires contact only with co-workers and not with the general public. Accordingly, the matter shall be remanded for additional proceedings to correct these errors.

//
//
//

**IV. Conclusion**

For the reasons discussed above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: June 8, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge